NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | **ORDER** |
| v. | : | Criminal No. 92-317 (DMC) |
| KEVIN HIGHTOWER | : | |
| Defendant | : | |
| | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon a motion by Defendant Kevin Hightower

("Defendant") for a modification of his May 22, 1993 sentence for conspiracy to distribute base

cocaine and possession of a firearm by a convicted felon. Defendant was sentenced to a term of

imprisonment of 262 months based on an offense level of 34 and a criminal history category VI.

Defendant seeks a reduction in his sentence in light of Amendment 706 to the United States

Sentencing Guidelines effective March 3, 2008, which may be applied retroactively. This

Amendment is not, however, applicable to Defendant because he was classified as a career

offender under U.S.S.G.§ 4B1.1. As such, Defendant is not eligible for any reduction under the

new crack cocaine guidelines. Although the Supreme Court recently held in Kimbrough v.

United States, 128 S.Ct. 564 (2007) that district courts "may consider the disparity between the

Guidelines' treatment of crack and powder offenses" in deciding whether to vary from the

advisory Guidelines range for crack offenders, that issue is not pertinent to Defendant's motion

because his case involves only an 18 U.S.C.§ 3852(c)(2) reduction based on a specific guideline

amendment.

For the reasons stated,

IT IS on this _22_ day of September, 2010:

**ORDERED** that Defendant's motion for modification of his sentence is **denied.**

Dennis M. Cavanaugh, U.S.D.J.

Original:     Clerk's Office

cc:            All Counsel of Record

                File